UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

VIZOCOM ICT, LLC,

                Plaintiff,

      - against -

PPE MEDICAL SUPPLY. LLC;
BERNSTEIN & SON INC., DBA BERNSTEIN
TEXTILES; TIBOR KLEIN, individually;
ZEV SUPPLIES CORP.; and DOVID RENDLER,
individually,

                Defendants.

---------------------------------------------------------------

No. 21-cv-4301 (JS)(ST)

**MEMORANDUM & ORDER GRANTING in part and DENYING in part MOTION FOR DEFAULT JUDGMENT**

APPEARANCES
For Plaintiff:      James Costo, Esq.
                    The Law Offices of James Costo
                    11 Park Place, Suite 1100
                    New York, New York  10007

                    Chidinma Okogbue, Esq.
                    Holmes Pittman & Haraguchi, LLP
                    P.O. Box. 380
                    Chester, Maryland  21619

For Remaining
Defendant PPE
Medical Supply:      No appearance.

SEYBERT, District Judge:

<u>INTRODUCITON</u>

      This case arises from the unknowing purchase of defective 501K nitrile medical gloves (hereafter, the "Gloves"), under what appears to be a bait-and-switch scenario. After Plaintiff Vizocom ICT, LLC ("Plaintiff" or the "Company") discovered the Gloves it purchased were defective and that the

seller, Defendant PPE Medical Supply, LLC ("Defendant" or "PPE Medical"),[1] would not replace the Gloves or refund the Company's money, the Company commenced this action alleging, inter alia, claims of breach of contract and fraud against PPE Medical and seeking damages.  (See Compl. ECF No. 1; Am. Compl., ECF No. 24.)  PPE Medical has not appeared in the action.

Currently before the Court is Plaintiff's Motion for Default Judgment against Defendant (hereafter, the "Motion"). (See ECF No. 48.)  Despite Plaintiff's service of the Motion upon the Defendant, it is unopposed.  (See Aff. of Serv., ECF No. 48-2; Case Docket, in toto.)  For the reasons stated herein, the Motion is GRANTED in part and DENIED in part.

<u>BACKGROUND</u>

I.   <u>Relevant Factual Background</u>

While the Court assumes the parties' familiarity with the underlying facts giving rise to this action, for the reader's convenience, it provides the following summary.  In March 2021, in a Florida facility, a Company representative inspected 501K nitrile medical gloves that PPE Medical was purporting to sell; the inspected 510K nitrile medical gloves did not reveal defects that would make them unsuitable for medical use.  Based upon that inspection, the Company agreed to purchase more than 2.9 million

---

[1]  Defendant PPE Medical is the only remaining defendant in this action.

510K nitrite medical gloves from PPE Medical, paying PPE Medical $345,700.00 for them. Unbeknownst to the Company, it received the Gloves instead. Upon their delivery from PPE Medical, the Company proceeded to sell the Gloves to its medical customers. By the end of March 2021, the Company began receiving complaints from its medical customers that the Gloves were defective. As a result, on March 28, 2021, the Company notified PPE Medical that the Gloves were defective and nonconforming; thus, it requested a replacement of goods or a refund. PPR Medical refused. The Company followed up with two demand letters seeking replacement goods or a refund; again, PPE Medical refused.

II. Relevant Procedural Background

This lawsuit followed. In its Amended Complaint, Plaintiff alleges causes of action sounding in breach of contract (Count One) and fraud (Count Two), among others. It seeks $165,914.00 in damages. Despite proper service of the summons and Complaint upon it, PPE Medical never appeared. (See Aff. of Serv., ECF No. 13; Case Docket, in toto.)

On June 23, 2022, the Clerk of Court noted PPE Medical's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (See Entry of Default, ECF No. 46.) On September 1, 2022, the Company moved for default judgment.[2] In an affidavit

_____

[2] The Court notes Plaintiff's noncompliance with Local Civil Rule 7.1(a), as (1) Plaintiff's Notice of Motion incorrectly states

submitted in support of the Motion, the Company's Owner and General Manager, George Attar avers: "PPE Medical's supply of non-conforming defective gloves resulted in damages to Plaintiff of $165,914.00." (Attar Aff., ECF No. 48-1, ¶7, attached to Motion.) He then, baldly, puts forth the following table:

| Customers that returned gloves | Number of Returned Gloves | Price per glove | Retail Cost | Lost profit charged to Customers % | Total Amount Owed |
|---|---|---|---|---|---|
| Batch 1 | 450,000 | $0.1150 | $51,750.00 | 10% | $63,000 |
| Batch 2 | 223,000 | $0.1150 | $25,645.00 | 10% | $31,220 |
| Batch 3 | 80,100 | $0.1150 | $9,211.50 | 10% | $11,214 |
| Batch 4 | 432,000 | $0.1150 | $49,680.00 | 10% | $60,480 |
|  |  |  |  | Total Damges | $165,914 |

(Id.)  While Plaintiff attached its purchase invoice from PPE

that the Company is moving for default judgment "pursuant to Federal Rule of Civil Procedure 55(a)"; (2) Plaintiff failed to submit the requisite supporting memorandum of law; and (3) the submitted supporting affidavit lacks any supporting exhibits, which exhibits are to contain factual information "necessary for the decision of the motion." Local Civil Rule 7.1(a)(c). The Court further notes that Plaintiff failed to properly comply with Local Civil Rule 55.2, having failed to include the relevant Entry of Default, its Amended Complaint, and a proposed form of default judgment with its Motion. Local Civil Rule 55.2.

Nonetheless, in its discretion and in the interest of efficiency, the Court relies upon the Attar Affirmation in determining that Plaintiff seeks default judgment as to its breach of contract and fraud claims only and in the amount of $165,914.00 only. (See Attar. Aff., ECF No. 48-1, ¶2 and "WHEREFORE" Clause.) Further, to the extent the Company submitted the Declaration of Shawn Martin, its Director of Marketing, in support of its Amended Complaint, the Court declines to consider it herein as it is of dubious value, containing primarily hearsay evidence. (See Martin Decl., ECF No. 24-2.)

Medical to its Amended Complaint (see Invoice, ECF No. 24-1), there is no documentation offered that substantiate the claimed damages.

DISCUSSION

I.   Applicable Law

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir.2004). "Rule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir 2011) (quoting New York v. Green, 420 F.3d 99, 104 (2d Cir.2005).

Entry of default is appropriate where a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant's default constitutes "an admission of all well-pleaded allegations" against [it]." A&B Alt. Mktg. v. Int'l Quality Fruit Inc., 35 F.4th 913 (2d Cir. 2022); Mickalis Pawn Shop, 645 F.3d at 128 ("The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff.").

Upon the satisfaction of the first step, the second step of Rule 55 must then be satisfied. "The second step, entry of a

default judgment [pursuant to Rule 55(b)], converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." Mickalis Pawn Shop, 645 F.3d at 128. When determining whether default judgment is warranted, the court reviews a plaintiff's allegations to decide whether said allegations establish a defendant's liability as a matter of law. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); see also A&B Alt. Mktg. v. Int'l Quality Fruit Inc., 521 F. Supp. 3d 170, 175-76 (E.D.N.Y. 2021) ("It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true." (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992))).

Further, "[i]t is well-settled that on a motion for default judgment, a defendant's default does not constitute an admission as to the damages claimed in the complaint." A&B Alt. Mktg., 521 F. Supp. 3d at 176 (citation omitted). Rather, it is the plaintiff's burden to establish entitlement to requested damages. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); see also A&B Alt. Mktg., 521 F. Supp. 3d at 176 (same). "To determine damages, the court may conduct an inquest or it may rely on the affidavits and other documentary

evidence provided by plaintiff, obviating the need for a hearing on damages." A&B Alt. Mktg., 521 F. Supp. 3d at 176 (first citing Fᴇᴅ. R. Cɪᴠ. P. 55(b)(2)(B); then citing Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 189 (2d Cir. 2015)).

II. Analysis

A. Service of Process and Default

As a threshold matter, the Court makes the following findings.  The record reflects that proper service has been made on Defendant.  (See ECF Nos. 13, 48-2.)  As noted, review of the Case Docket establishes that no answer, motion or other appearance was filed by or on behalf of Defendant.  (See Case Docket, in toto.)  Further, the Clerk of Court properly entered notation of Defendant's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  (See Entry of Default, ECF No. 46.)

B. Liability

1. As to Breach of Contract

"Under New York law,[3] to state a claim for breach of contract, a plaintiff must allege: '(1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-performance by the other party, and (4) damages attributable to

---

3   In the absence of any indication to the contrary, the Court presumes New York state law applies to Plaintiff's purchase of the Gloves from Defendant.

the breach.'" <u>Henry v. Capital One, N.A.</u>, No. 21-CV-2281, 2022 WL 1105181, at *2 (E.D.N.Y. Apr. 13, 2022) (quoting <u>RCN Telecom Servs., Inc. v. 202 Ctr. St. Realty LLC.</u>, 156 F. App'x 349, 350-51 (2d Cir. 2005)).

 Here, Plaintiff's allegations establish PPE Medical's liability for breach of contract as a matter of law. (<u>See generally</u>, Am. Compl. ¶¶ 52-76.) First, the Company contracted with PPE Medical to purchase 2.9 million 501K nitrile medical gloves. (<u>See id.</u> ¶¶ 9, 29; <u>see also</u> Invoice, ECF No. 24-1; Attar Aff. ¶ 6.) Second, by paying PPE Medical for 510K nitrile medical gloves, the Company performed its contractual obligation. (<u>See id.</u> at 1 (second introductory para.); <u>see also</u> Attar Aff. ¶ 6.) Third, by delivering non-conforming gloves, <u>i.e.</u>, the defective Gloves, PPE Medical failed to perform in accordance with the parties' agreement. (<u>See id.</u> ¶¶ 14-15, 24-25, 67; <u>see also</u> Attar Aff. ¶ 6.) Fourth, the Company contends it that as a result of PPE Medical's supplying it with non-conforming Gloves, it has suffered damages. (<u>See id.</u> ¶ 72; <u>see also</u> Attar Aff. ¶ 7.) In sum, based upon examination of the Amended Complaint and Plaintiff's Motion papers, the Court finds Plaintiff has demonstrated that the uncontroverted allegations establish PPE Medical's liability on Plaintiff's breach of contract cause of action.

2. <u>As to Fraud</u>

The Court notes that Plaintiff's fraud cause of action is actually a claim for fraud in the inducement.  (<u>See</u> Am. Compl. ¶ 78.)  "Generally, to establish a fraudulent inducement claim, a plaintiff must prove '(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff.'"  <u>Wild Bunch, SA v. Vendian Ent., LLC</u>, No. 17-CV-1383, 2018 WL 1365690, at *3 n.1 (S.D.N.Y. Feb. 26, 2018) (quoting <u>Wynn v. AC Rochester</u>, 273 F.3d 153, 156 (2d Cir. 2001) (per curiam)).

In its Amended Complaint, Plaintiff alleges that, through its agent, PPE Medical misrepresented the true nature of the Gloves, <u>i.e.</u>, representing that they were suitable for medical use, knowing they were not.  (<u>See</u> Am. Compl. ¶¶ 22, 28, 38, 42-43, 79-80.)  Plaintiff further contends that to secure its purchase of more than 2.9 million 510K nitrile medical gloves, PPE Medical caused a sample of conforming gloves to be presented to it for a pre-purchase inspection, which it knew was not representative of the Gloves.  (<u>See</u> <u>id.</u> ¶¶ 10, 26, 27, 36, 39, 81.)  Plaintiff alleges that by relying upon the sample presented, it unknowingly purchased the defective Gloves instead.  (<u>See</u> <u>id.</u> ¶¶ 9, 12, 24-25, 40, 84-85.)  Additionally, Plaintiff alleges it then sold the

Page 9 of 12

Gloves to its medical customers but did not learn about the Gloves'
defects until its customers began complaining about them.   (See
id. ¶¶ 14, 15, 86.)   It further asserts that it demanded
replacement gloves or a refund of its purchase price, but those
demands went unheeded.   (See id. ¶¶ 16, 18-19, 47-48, 49, 88.)
Plaintiff alleges that, as a result, its financial situation has
been harmed (see id. ¶ 41), its relationship with its customers
has been damaged (See id.), and it has incurred losses.   (See id.
¶¶ 89; see also, e.g., id. ¶51.)   Based upon these allegations,
Plaintiff has established PPE Medical's liability for fraudulent
inducement.

    C. Damages

        Even where a defendant has defaulted, the Court
nevertheless "must [] conduct an inquiry in order to ascertain the
amount of damages with reasonable certainty," Alcantara, 183 F.3d
at 155, and must thereby ensure itself that a sufficient basis
exists for awarding the damages requested by a plaintiff.   See
Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,
109 F.3d 105, 111 (2d Cir. 1997) (internal quotation omitted).
Therefore, "[e]ven in the absence of a hearing, . . . the district
court cannot simply rely on the plaintiff's statement of damages."
House v. Kent Worldwide Mach. Works, Inc., 359 F. App'x 206, 207
(2d Cir. 2010) (citing Transatlantic Marine Claims, 109 F.3d at
111). Rather, "when [a] defendant defaults and is not present to

object, damages must be based on admissible evidence." Id. at 207 (collecting cases); see also Trs. of Metal Polishers Local 8A-28A Funds v. Prestige Restoration and Maint., LLC, 986 F. Supp. 2d 159, 164, 165 (E.D.N.Y. 2013) (finding no error in magistrate judge's recommendation that damages be denied based upon plaintiff's failure to establish damages through admissible, authenticated evidence).

As the Court observed, in support of its $165,914 damages claim, Plaintiff merely presents the bald statement of its Owner and General Manager, George Attar, followed by a presumably explanatory table. (See Attar Aff. ¶ 7.) The Court declines to simply rely upon this statement.[4] See House, 359 F. App'x at 207. Because Plaintiff's claimed damages is wholly unsubstantiated by any evidence, no basis -- let alone a sufficient one -- exists upon which to award damages.

However, despite its failure to meet its burden of establishing entitlement to damages, the Court grants Plaintiff leave to renew its request for damages, supported by authenticated, admissible evidence substantiating its damages claim. If Plaintiff renews its request for damages, it is also to include an explanatory worksheet illustrating its calculations of damages.

---

[4] Moreover, the Court is perplexed by Plaintiff's table; it is simply presented in a vacuum.

<u>CONCLUSION</u>

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion (ECF No. 48) is GRANTED in part and DENIED in part, such that:

A. The Motion is GRANTED to the extent that Plaintiff has established Defendant PPE Medical's liability for breach of contract (Count One) and fraudulent inducement (Count Two); and

B. The Motion is DENIED to the extent Plaintiff has not established its entitlement to damages as to Counts One and Two of its Amended Complaint. This denial is without prejudice to Plaintiff renewing, **by no later than May 12, 2023,** its request for damages in accordance with the Court's directives articulated herein.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  April 17, 2023
        Central Islip, New York